The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: July 15 2014

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-30247 |
| | ) | |
| Antonio S. Stuart, | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor. | ) | JUDGE JOHN P. GUSTAFSON |

### DISMISSAL ORDER

This case came before the court for hearing on July 8, 2014, on a Motion to Dismiss Case ("Motion") [Doc. # 23] filed by Chapter 7 Trustee Louis J. Yoppolo on May 30, 2014, with a Response to Motion to Dismiss Case ("Response") [Doc. # 26] filed by Debtor on July 1, 2014. Trustee Yoppolo appeared in person, while Debtor, who commenced this case *pro se*, made no appearance.

Credit counseling is required by 11 U.S.C. § 109(h)(1) as a condition of eligibility for an individual to be a debtor under any chapter of Title 11. Debtor commenced this case on January 31, 2014, and, as required, filed Exhibit D with his petition. Debtor checked the third box on his Exhibit D, certifying that he had requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time he made his request. [Doc. # 1]. Debtor summarized his exigent circumstances as follows: "I do not have the money right now to pay. I need some time to get the money together." This statement is not sufficient to certify to nor satisfy the court of Debtor's exigent circumstances under 11 U.S.C. § 109(h)(3)(A)(i), (ii), and (iii), according to the *Curington* court. "The Debtors' certification that they do not believe they can come up with the [money] required...does not...begin

to meet the "exigent circumstances" test contemplated by Congress." *In re Curington*, 05-38188, 2005 WL 3752229 (Bankr. E.D. Tenn. Dec. 7, 2005); *see also, In re Taal*, 504 B.R. 682, 686 (B.A.P. 1st Cir. 2014).

Additionally, Debtor did not file a motion requesting a determination by the court that he is entitled to a temporary waiver. Thus, the court did not grant Debtor an exemption under 11 U.S.C. § 109(h)(3). A show cause order regarding Debtor's failure to file his Certificate of Credit Counseling was entered by the court on March 6, 2014. [Doc. # 11]. On March 17, 2014, Debtor filed his Certificate of Credit Counseling. The certificate certified that Debtor did not receive the required prepetition credit counseling until February 11, 2014, a date eleven (11) days after Debtor filed his petition. [Doc. # 14]. The court notes that Debtor's failure to obtain credit counseling within the required time period, as set forth by the U.S. Bankruptcy Code, is a requirement separate from the requirement to complete a Financial Management course, for which Debtor received an extension of time to file. [Doc. # 21].

Because Debtor did not complete credit counseling within the 180-day period ending on the date of the filing of his petition, as set forth by 11 U.S.C. 109(h)(1), Debtor has not satisfied a condition for eligibility to be a debtor under any chapter of Title 11. As the court stated in *In re Ingram*, "Compliance with § 109(h) is a prerequisite to obtaining relief under the Bankruptcy Code. By definition, an individual may not be a debtor who is eligible for bankruptcy relief unless he has complied with § 109(h)." *In re Ingram,* 460 B.R. 904, 910 (B.A.P. 6th Cir. 2011); *see also*, 11 U.S.C. § 109(h); 11 U.S.C. § 301(a) ("A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter."). The court therefore finds that Debtor is not eligible to be a debtor under any chapter of Title 11 of the United States Code.

**IT IS THEREFORE ORDERED** that Trustee Yoppolo's Motion to Dismiss Case is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be, and hereby is, **DISMISSED** without prejudice and that the Clerk shall give notice of dismissal to all creditors and other parties in interest.

###